■ The People of the State of New York, Respondent, v Robert Anderson, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Lawrence, J.), rendered November 30, 1982, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was for the suppression of physical evidence and his statements to the police.

Judgment affirmed.

On October 3, 1980, at approximately 1:30 P.M., Officer Steven Hofmann of the Suffolk County Police Department received radio notification of a burglary nearby. A suspect was described as a white male wearing a black leather jacket. Approximately one block from the burglary location, Hofmann noticed the defendant, a white male wearing a black nylon jacket, standing in the middle of the street. Hofmann approached him and requested identification. The defendant replied that he had left his identification in his car, which had overheated. The defendant further indicated that he did not know where his car was because he was lost. Hofmann, without informing the defendant that he was a suspect, requested that the defendant come with him, and defendant voluntarily entered the police car. Hofmann drove the defendant to the burglarized premises and there the defendant was displayed to an unidentified witness who stated "[i]t looks like him". No other information with respect to the witness or the identification appears in the record. After the identification, the defendant was arrested and transported to the police station, where he was interrogated by detectives assigned to the case. After Officer Hofmann had transported the defendant to the police station, he searched his vehicle and discovered that a loaded revolver had been placed under the seat

where the defendant had been sitting. The weapon was brought to the interrogating detective who questioned the defendant with respect thereto. The defendant admitted that he had placed the gun under the seat and that he had stolen the weapon from a Massapequa residence a few weeks earlier. The defendant was subsequently charged with burglarizing the Massapequa residence.

At the suppression hearing, the defendant argued, *inter alia,* that the police lacked probable cause to arrest him and specifically objected to the People's attempt to elicit evidence of the identification of the defendant by an unnamed crime scene witness through the hearsay testimony of the arresting officer. The court overruled the objection to that evidence and ultimately denied that branch of the defendant's omnibus motion which was for the suppression of physical evidence and his statements to the police.

Assuming, arguendo, that the People's showing as to probable cause was deficient, the weapon and the defendant's admission with respect thereto were admissible. The record discloses that the weapon seized herein was surreptitiously placed by the defendant under the seat of the police vehicle in which he was transported to the burglary scene and ultimately to the police station for questioning. During police interrogation, the weapon was discovered and the investigating detective confronted the defendant with it. Upon observing the weapon, the defendant admitted that he had stolen it from a Nassau County residence and that he had placed it under the seat of the police vehicle immediately upon entering that vehicle, i.e., prior to his arrest. The record further establishes that the defendant voluntarily entered the police car prior to his being driven by an officer to the crime scene, where he was identified by the witness and subsequently arrested. The defendant's contentions that the weapon seized and his statements with respect thereto must also be suppressed as fruit of the poisonous tree must be rejected. The relevant inquiry in such a case is whether the act of discarding the evidence was a "spontaneous reaction to a sudden and unexpected confrontation with the police" or rather an "independent act involving a calculated risk" *(People v Boodle,* 47 NY2d 398, 404, *cert denied* 444 US 969). We conclude that the defendant's act of placing the weapon under the police car seat was not a spontaneous reaction to sudden or unexpected police conduct but rather an independent act involving a calculated risk. Since the discovery and seizure of the weapon occurred by virtue of the defendant's own independent act, the weapon

and the oral statements with respect thereto could not be the product of any illegality. In any event, the defendant discarded the weapon prior to his arrest at a time when he was voluntarily present in the police car.

Finally, we decline to disturb the suppression court's determination that the defendant's right to counsel was not violated during his interrogation. Issues of credibility are primarily for the hearing court and its findings should be upheld unless they are clearly erroneous (see, People v Armstead, 98 AD2d 726). Gibbons, J. P., Bracken, Lawrence and Kunzeman, JJ., concur.